UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JONATHAN D. CAMPBELL

v.  C.A. NO. 08-368 S

DONALD W. WYATT DETENTION CENTER;
WARDEN W. SALSBURY

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge.

Plaintiff Jonathan D. Campbell, *pro se,* is incarcerated at the Donald W. Wyatt Detention Center in Central Falls, Rhode Island ("Wyatt"). Wyatt is a detention center operated by the Central Falls Detention Facility Corporation, a public corporation created by the city of Central Falls, Rhode Island pursuant to enabling legislation codified as Rhode Island General Law § 45-54-1 et seq. (1956, as amended 1991). On October 7, 2008, plaintiff filed with the Court a complaint alleging improper medical care and naming as defendants, Wyatt and Warden Salsbury (Docket #1). Presently before the Court is the motion plaintiff filed simultaneously with his complaint for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket #2). This matter has been referred to me for determination; however, upon screening plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this report and recommendation. For the reasons stated below, I recommend that plaintiff's complaint be DISMISSED without prejudice to re-file and his motion to proceed *in forma pauperis* be DENIED at this time.

## BACKGROUND

The relevant facts as described by plaintiff in his complaint are as follows. On July 31, 2008, plaintiff broke his hand while in his cell at Wyatt. He notified the medical department on the same day. An x-ray taken within three days indicated that his hand was broken and that he "needed to be taken to a specialist to have the hand set." Docket # 1, pg 4. He was never taken to a specialist, and he filed a grievance with the institution on August 19, 2008 complaining that he had not yet had his hand set by the outside specialist. As of September 30, 2008, the date he prepared his complaint, he had neither received a reply to his grievance nor had his hand set.

## DISCUSSION

### I.  Screening Under § 1915(e)(2)

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that:

(B)    the action or appeal--
    (i)    is frivolous or malicious;
    (ii)   fails to state a claim on which relief may be granted; or
    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).[1]

Accordingly, in connection with his application to proceed *in forma pauperis*, I have reviewed the merits of plaintiff's complaint and have found that plaintiff's complaint, as currently written, fails to state a claim on which relief may be granted.

In determining that an action fails to state a viable claim, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992). Further, the Court must review pleadings of a *pro se* plaintiff liberally.

---

[1] Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b).

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976). When viewed in this manner, the pleading must contain factual allegations that "raise [plaintiff's] right to relief above the speculative level" and "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed.R.Civ.P. 8(a)(2).

Plaintiff appears to allege that the denial of medical treatment violates his Eighth Amendment rights and, thus, has presumably brought this action under either 42 U.S.C. § 1983 ("§ 1983") or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971).[2] In order to maintain a § 1983 action, the conduct complained of must (1) be committed by a person acting under color of state law and (2) have deprived the plaintiff of a constitutional or federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Similarly, to maintain a *Bivens* action, a plaintiff must set forth facts detailing a deprivation of a federally protected right done or caused by "a federal agent acting under color of his authority." *Bivens*, 403 U.S. at 389. For the reasons set forth below, plaintiff's complaint fails to state a claim for which relief may be granted under either § 1983 or *Bivens*.

I.     **Wyatt Is Not a Legal Entity That Can Be Sued**

Wyatt is the name of a building and not a legal entity amenable to suit. *See Girard v. Donald W. Wyatt Detention Facility Inc.*, 50 Fed.Appx. 5, 6 (1st Cir. 2002); *LaCedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 130 (D.R.I. 2004); *Sarro v. Cornell Corrections, Inc.*, 248 F.Supp.2d 52, 62 n. 2 (D.R.I. 2003). Accordingly, plaintiff's claims against Wyatt fail to state a claim on which relief can be granted, and I recommend that plaintiff's claims against Wyatt be DISMISSED.

---

[2] In recent years, this Court has determined that complaints challenging conditions at Wyatt should be analyzed as actions under § 1983, *LaCedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 140-142 (D.R.I. 2004), or, instead, as *Bivens* actions, *Sarro v. Cornell Corrections, Inc.*, 248 F.Supp.2d 52, 58 (D.R.I. 2003).

## II. No Factual Allegations Connecting Warden Salisbury to Alleged Injury

Plaintiff also names Warden Salisbury as a defendant in this case. However, in his complaint, plaintiff fails to state any facts regarding Warden Salisbury. As, under both § 1983 and *Bivens*, liability must be based on personal involvement by the defendant in the alleged wrongdoing, plaintiff's failure to assert any allegations connecting Warden Salisbury to the harms about which he complains requires the dismissal of his complaint against Warden Salisbury. *See Ramírez v. Colón*, 21 F.Supp.2d 96, 98 (D.P.R. 1997)(motion to dismiss granted on § 1983 claim where plaintiff made no allegations regarding defendants' personal involvement in denial of medical treatment); *see also Perez Olivo v. Gonzalez,* 384 F.Supp.2d 536, 543-44 (D.P.R. 2005)(same under *Bivens*).

Additionally, plaintiff fails to name as defendants any doctor directly responsible for his medical treatment, and, since only direct and not vicarious liability is available under 1983 or Bivens, Warden Salisbury cannot be liable based on the actions of persons he supervises. *See Figueroa v. Aponte-Roque*, 864 F.2d 947, 953 (1st Cir. 1989)(no vicarious liability under § 1983); *see also Perez Olivo,* 384 F.Supp.2d at 543-44 (same under *Bivens*). Instead, plaintiff must show that the Warden's action or inaction was "affirmatively linked" to a constitutional violation caused by a subordinate through "supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference." *Aponte Matos v. Toledo Davila,* 135 F.3d 182, 192 (1st Cir. 1998)(citation omitted)(regarding § 1983); *see also Ruiz Rivera v. Riley*, 209 F.3d 24, 28-29 (1st Cir. 2000)(regarding *Bivens*). Further, in the case of an Eighth Amendment claim regarding denial of medical treatment, deliberate indifference requires that the supervisor (i) had actual knowledge that his subordinates' conduct posed a substantial risk of serious harm to plaintiff's health and (ii) disregarded that risk by failing to take reasonable measures to abate it. *See Pubill-Rivera v. Curet*, 218 F.Supp.2d 89, 94 (D.P.R.

2002)(citing *Farmer v. Brennan*, 511 U.S. 825, 831, 114 S.Ct. 1970 (1994))(regarding § 1983). Here, plaintiff states no facts linking Warden Salisbury in his supervisory capacity to the alleged denial of medical treatment.

Accordingly, I recommend that plaintiff's claims against Warden Salisbury be DISMISSED.

## CONCLUSION

Plaintiff has failed to make claims upon which relief may be granted under either § 1983 or *Bivens*. He names Wyatt as a defendant, although Wyatt is a building not amenable to suit. Additionally, he names Warden Salisbury without stating any facts connecting him to the alleged wrongdoing. Consequently, I recommend that plaintiff's action be DISMISSED without prejudice to re-file and plaintiff's motion to proceed *in forma pauperis* be DENIED at this time.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986)(*per curiam*); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
November 21, 2008